Citation Nr: 1237389 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 07-25 474 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

A. P. Simpson, Counsel



INTRODUCTION

The Veteran served on active duty from August 1969 to April 1971. He died in April 2006, and the appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

In May 2011 and February 2012, the Board remanded the claim for additional development and adjudicative action. The case has been returned to the Board for further appellate review.

The Board has reviewed the Veteran's claims file and the record maintained in the Virtual VA paperless claims processing system. 

The Board notes that in the May 2011 remand, it determined the appellant had not perfected an appeal in connection with a claim for death pension benefits following the issuance of a May 2008 statement of the case. See May 2011 remand on page 3. However, when the case was back before the Board, it noticed that the May 2008 statement of the case had been sent to an address in Tennessee. There was evidence in the file that the appellant may have been living in Texas at that time (this is discussed in more detail below). Thus, the Board, in the February 2012 remand, had the RO send the appellant a copy of the May 2008 statement of the case to the Texas address to allow the appellant to perfect an appeal for death pension benefits if she so chose. The AMC completed this action in February 2012. The Board is confident that the appellant was residing at the Texas address at that time because she had written to VA in December 2011 using the Texas address as her return address. She did not submit a substantive appeal regarding the claim for death pension benefits. Thus, the Board finds that this issue is not part of the current appeal.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Board regrets that another remand is required. The Board remanded this claim on February 1, 2012. The evidence in the claims file at that time indicated that the appellant wanted to represent herself. See statement received from appellant, dated November 25, 2011. 

On January 30, 2012, the VA regional office in Waco, Texas, received a VA Form 21-22, Appointment of Veterans Service Organization as Claimant's Representative, wherein she named the Texas Veterans Commission as her representative. See form.

In a February 2012 letter sent in response to the Board's February 2012 remand instructions, the AMC properly provided a copy of the letter to the Texas Veterans Commission. See letter on page 2. However, in the September 2012 supplemental statement of the case, the AMC wrote, "None" as to the Veteran's representative. In other words, the AMC did not provide the Texas Veterans Commission with a copy of the supplemental statement of the case nor is there any indication the organization was afforded an opportunity to submit a VA Form 646. Thus, a remand is required because the appellant's representative was not provided a copy of the September 2012 supplemental statement of the case and an opportunity to respond.

Accordingly, the case is REMANDED for the following action:

1. Send the Texas Veterans Commission a copy of the September 2012 supplemental statement of the case.

2. Allow the Texas Veterans Commission to submit a VA Form 646, Statement of Accredited Representation in Appealed Case, before sending the case back to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).